JUSTICE BAER,
Concurring
I agree with the majority that Appellee has failed to establish that the Dragonetti Act clearly and palpably violates this Court’s Article V, Section 10(c) authority to regulate the practice of law. I write separately, however, to distance myself from the majority’s apprehension over the exclusivity of our constitutional power in this regard. See Majority Opinion at 79, 159 A.3d at 490 (stating that we should consider with “great circumspection” the notion that the powers accorded to this Court under Article V, Section 10(c) are exclusive). Consistent with Justice Donohue’s dissenting opinion, I find that our Article V, Section 10(e) authority is exclusive. See Dissenting Opinion, Donohue, J., at 87-88, 159 A.3d at 495-96 (citing well-established case law and a rule of disciplinary enforcement recognizing the exclusive nature of this Court’s Article V, Section 10(c) authority).[1]
*84 That is not to say, however, that our Article V, Section 10(c) power is unlimited as the plain language of the constitutional provision denies this Court the authority to prescribe rules modifying the substantive rights of a litigant. See Pa. Const., art. V, § 10(c) (affording this Court “the power to prescribe general rules governing practice, procedure and the conduct of all courts ... and for admission to the bar and to practice law ... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant .... ”). Pursuant to this constitutional mandate, we have held that the threshold inquiry in determining whether a particular statute violates Article V, Section 10(c), is whether the challenged legislation is procedural or substantive in nature. Commonwealth v. Payne, 582 Pa. 375, 871 A.2d 795, 801 (2005). Generally, “substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced.” Commonwealth v. Olivo, 127 A.3d 769, 777 (Pa. 2015) (citing Payne, 871 A.2d at 801).
Without hesitation, I agree with the majority that the Dragonetti Act “manifests a legislative purpose to compensate victims of frivolous and abusive litigation and, therefore, has a strong substantive, remedial thrust.” Op. at 80, 159 A.3d at 491. As further referenced by the majority, the statute is of general application and is not targeted specifically to legal professionals. Id. It appears that the General Assembly, in enacting the Dragonetti Act, did what this Court cannot do by procedural rule, i.e., created substantive rights benefitting litigants targeted by abusive litigation. See Pa.R.P.C., Scope (“Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a ease that a legal duty has been breached;” the rules “are not designed to be a basis for civil liability”).
Because I agree with the majority that the statutory provisions challenged herein are clearly substantive, I find that the Legislature did not encroach upon this Court’s Article V, *85 Section 10(c) exclusive authority.[2] Accordingly, I agree with the majority’s mandate to reverse the order of the trial court, which declared the Dragonetti Act unconstitutional, and remand for further proceedings.
JUSTICE TODD,
Concurring
I join the Majority Opinion in full, but write to make two additional points.
First, while I agree with the majority’s conclusion that the Dragonetti Act is not unconstitutional as applied to attorneys, I underscore the issues the majority notes “may bear closer review” in a future case—specifically, whether an attorney could be liable under the Act for an award of punitive damages, and whether an attorney could be liable despite a good faith argument that existing law should be changed. See Majority Opinion at 80-82, 159 A.3d at 491-92. Because the present challenge concerns a claim that attorneys have generalized immunity to Dragonetti Act claims—an assertion we reject—and because neither of the above more narrow issues are implicated by the facts of this case, the majority appropriately does not address them. Yet, these questions focus on aspects of the Dragonetti Act which, in my view, are most starkly in tension with our exclusive authority to regulate the practice of law under Article V, Section 10(c) of the Pennsylvania Constitution and will deserve close review when properly before our Court.
My second observation also relates to Appellee’s concern that an attorney’s good faith argument that existing law should be changed could lead to Dragonetti Act liability. Section 8352 of the Act sets forth three scenarios under which a person has probable cause for commencing or advancing litigation, and, thus, is not subject to liability.[1] It states:
*86 A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
(1) reasonably believes that under those facts the claim may be valid under the existing or developing law;
(2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or
(8) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.
42 Pa.C.S. § 8352. The concern forwarded by Appellee herein implicates the first scenario, as Appellee offers that an attorney who seeks an “extension, modification or reversal of existing law” as ethically permitted under the Rules of Professional Conduct[2] might nonetheless be subject to Dragonetti Act liability because such a claim might not be viewed as having been based upon a reasonable belief that “the claim may be valid under the existing or developing law,” 42 Pa.C.S. § 8852(1) (emphasis added). See Appellee’s Brief at 9. However, regardless of whether we might, in a future case, construe “developing law” to encompass claims for an “extension, modification or reversal of existing law” and, thus, preclude Drago-netti Act liability under Section 8352(1) on that basis, subsection (3) would appear to provide a safe harbor to attorneys in such situations (as well as in other situations). It specifically protects an “attorney of record” who believes “in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.” 42 Pa.C.S. § 8352(3). To Appellee’s concern, I *87 would be hard-pressed to envision a scenario in which an attorney who seeks, in good faith, the reversal of governing law would be liable under the Act because he or she is nonetheless found to have “intended to merely harass or maliciously injure the opposite party.”

. While I appreciate the majority’s concern that there have been topics upon which both statutes and judicial rules have spoken, see Op. at 79, 159 A.3d at 490 (referencing evidentiary rules and post-conviction practices under the Post Conviction Relief Act, 42 Pa.C.S. § 9541-9546), these joint expressions need not be interpreted as limitations on *84 this Court’s Article V, Section 10(c) power but, rather, as a recognition that certain topics have both substantive and procedural aspects,

. As this case involves only a generalized challenge to the Dragonetti Act as applied to attorneys, the majority's discussion regarding the "punitive dynamic" of the legislation and the "disapprobation of a specified range of conduct by attorneys," Op. at 81, 159 A.3d at 491, need not be considered at this time. This Court can examine the contours of specific provisions of the Dragonetti Act when so challenged in an appropriate case.

. A prerequisite to liability under the Act is that the person act "in a grossly negligent manner or without probable cause.” 42 Pa.C.S. § 8351.

. See Pa.R.P.C. § 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.”).